GRIFFIN, J.
Robert and Carol Vereb appeal the denial of their motion for new trial.
On December 26, 1995, Mr. Vereb was driving his employer’s truck when it was rear-ended by an automobile owned by Susan Sardoni and operated by her husband, Patrick. Although Mr. Vereb was treated and released following the accident, he was later referred to an ortho-paedic surgeon for treatment. He ultimately underwent shoulder surgery in February 1997. When Mr. Vereb’s condition failed to improve, he was referred to a second orthopaedic surgeon, who determined that there were additional injuries to Mr. Vereb’s left shoulder which had not been addressed by the initial surgery and that a second surgery would be required to reach maximum medical improvement. Mr. Vereb underwent the second surgery in May or June of 1997. He improved somewhat following this surgery, but says his shoulder has never recovered fully.
In September 1998, the Verebs brought an action for negligence against the Sar-donis, seeking damages for Mr. Vereb’s injuries and for Mrs. Vereb’s loss of consortium. At trial, the primary issues were the extent of Mr. Vereb’s injuries and whether those injuries had been caused by the accident. Mr. Vereb maintained that he had a significant continuing impairment which was attributable entirely to the accident. The defense disputed that Mr. Ver-eb had any continuing injuries and claimed that any impairment had been caused by the heavy lifting required by his job.
Mr. Vereb was thirty-eight years old as of trial and worked for Florida Amusements, collecting money and installing or changing out video game machines or pool tables, some weighing as much as 1,400 pounds. Mr. Vereb admitted that he continued to work after the accident, lifting billiard tables that weighed as much as 1,400 pounds and other heavy machines and equipment.
At trial, one of the issues was the admissibility of one of Mr. Vereb’s physical therapy records from Healthsouth. The parties had previously stipulated to the authenticity of the physical therapy records, eliminating the need for the records custodian, but there was no agreement on admissibility. Vereb objected to defense counsel placing in evidence the physical therapy record of September 17, 1997, which included an entry that had been made under the heading, “Subjective Examination,” and the subheading, “mechanism of injury.” Under this heading appeared the words: “Repetitive Activity: HEAVY LABOR OVERUSE”. Defense counsel argued that the statement obviously had been made by Mr. Vereb and constituted an admission against interest, although, as the trial court noted, there was no proof of the source of the entry. The defense also argued the statement was admissible as a business record. Plaintiffs counsel countered that the statement was not an admission against interest, but rather was being offered as the expert opinion of a medical expert. He argued that the record was inadmissible as a business record because of the limitation contained in section 90.803(6)(b), Florida Statutes, (1999):
(b) No evidence in the form of an opinion or diagnosis is admissible [as a business record] under paragraph (a) unless such opinion or diagnosis would be admissible under ss. 90.701-90.705 if the person whose opinion is recorded were to testify to the opinion directly.
Oddly, the defendant’s appellate brief ignores plaintiffs argument that section 90.803(6)(b) makes the document inadmis *262 sible. Nevertheless, we conclude the trial court did not reversibly err in admitting the physical therapy record at issue in the face of section 90.803(6)(b). Given the specific context in which the words “heavy labor overuse” appear, these words cannot be characterized as an “opinion or diagnosis.” We find no abuse of the trial court’s discretion in allowing admission of the document.
AFFIRMED.
COBB and PALMER, JJ., concur.